# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **ROBERT OWEN HINTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO. 5:08-01012** |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.). Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.) be denied and this matter be dismissed.

### FACTUAL BACKGROUND

On August 20, 2008, Plaintiff, an inmate at Federal Correction Institution, Beckley [FCI Beckley], West Virginia, initiated this action claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 2.) Plaintiff names the following as Defendants:[2] (1) Federal Bureau of

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On April 9, 2009, Plaintiff filed a Motion to Amend his Complaint seeking to include Warden David Berkebile as a defendant. (Document No. 6.) By separate Order entered this day, the undersigned has granted the above Motion.

Prisons [BOP];[3] (2) Todd Craig, Warden of FCI Beckley; and (3) W.C. Ray, Case Manager. (Id.) Plaintiff alleges that Defendants violated his constitutional rights by classifying him at a "medium" security level. (Document No. 3.) First, Plaintiff claims that he "has a sufficient liberty interest in confinement at a 'low' security facility to trigger due process protection guaranteed by the constitution." (Id., p. 4.) Plaintiff argues that Program Statements [P.S.] 5880.30 and 5100.08 "contain clear substantive predicates and mandatory language of the sort required under Dix v. County of Shasta, 963 F.2d 1296 (9th Cir. 1992), to create a protectable liberty interest." (Id., p. 5.) Plaintiff contends that in determining Plaintiff's criminal history, Defendants improperly relied upon Plaintiff's Presentence Investigation Report which contained an incorrect criminal history score.[4] (Id.,

---

[3] Although the Court notes that the Bureau of Prisons is not a "person" as required by *Bivens*, the Court will screen Plaintiff's Complaint for merit.

[4] To the extent Plaintiff is challenging the accuracy of his Presentence Report, Plaintiff appears to be alleging the invalidity of his sentence. Thus, Plaintiff has failed to state a cognizable claim under *Bivens* pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Messer v. Kelly*, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions). In *Heck*, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

*Id.* at 486-87, 114 S.Ct. 2372. *See also Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). In the instant case, Plaintiff appealed his conviction in Criminal Action No. 4:92-0004 to the Sixth Circuit Court of Appeals, and the Sixth Circuit affirmed Plaintiff's conviction. *United States v. Hinton*, 1995 WL 99091 (6th Cir. 1995)(*unpublished*). Additionally, Plaintiff has filed two *habeas* petitions, and both petitions have been denied. *United States v. Hinton*, Criminal Action No. 4:92-0004 (W.D.Ky. 1993); Document Nos. 227 and 286. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated,

2

p. 11.) Plaintiff further alleges that Defendants incorrectly considered "six (6) misdemeanor and one (1) felony conviction well beyond the applicable fifteen (15) year time period in order to magnify, exaggerate and overstate Hinton's inmate security classification score and ultimate rating." (Id., p. 10.) Specifically, Plaintiff contends that the convictions "are now somewhere between seventeen (17) and twenty-five (25) years old" and convictions more than fifteen years old cannot be considered under the United States Sentencing Guidelines. (Id.)

Next, Plaintiff alleges that Defendants violated the *Ex Post Facto* Clause by applying P.S. 5100.08, which became effective on September 12, 2006. Plaintiff contends that "there is a distinct and oppressive difference between the former [P.S. 5880.30] and latter [P.S. 5100.08] Program Statements." (Id., p. 5.) Specifically, Plaintiff states that "[t]he problem that now confronts Hinton, as well as the BOP, is the undisputed harshness, severity and uncompromising nature of the 'new' Program Statement 5100.08 as opposed to the more lenient, less demanding, and benevolent 'old' Program Statement 5880.30, dated July 16, 1993." (Id., p. 7.) Plaintiff therefore argues that "the BOP cannot and must not impose a more confining security classification upon Plaintiff in excess of that permitted by the 'old' Program Statement 5880.30." (Id.) Accordingly, Plaintiff alleges Defendants acted with deliberate indifference to his constitutional rights by failing to properly determine his security level. (Id., pp. 17 -19.) Plaintiff seeks declaratory and injunctive relief[5] and compensatory and punitive damages. (Id., pp. 19 - 22.)

By Standing Order entered on August 1, 2006, this matter was referred to the undersigned

---

Plaintiff's *Bivens* claim is not cognizable pursuant to *Heck* to the extent he is asserting his claim by challenging the accuracy of his Presentence Report.

[5] Plaintiff requests that he be transferred to a "low" security prison. Inmates, however, have no constitutional right to be housed in any particular prison or jail, regardless of security classification. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1832. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. Therefore, the actions and conduct of

federal agencies, officers and employees are not actionable under Section 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980)(a claim for relief under Section 1983 may be made only against persons who acted under color of state law). Rather, claims of personal liability for violations of constitutional rights may be maintained against individual federal officers and employees under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Because the Defendants were acting under color of federal law, Plaintiff's claims against them are not cognizable under Section 1983. The undersigned therefore will construe and consider Plaintiff's claims under Bivens.

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.[6] The United States

---

[6] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their

Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

### 1. **No Liberty Interest in Inmate Classification:**

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

---

official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*.

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, to establish a deprivation of a liberty interest with respect to inmate classification, Plaintiff must show either (1) that he has a legitimate entitlement to a certain classification level, or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 483-84, 115 S.Ct. at 2299-2300.

Federal prisoners have no constitutional or inherent right to receive a particular security or custody classification. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994), cert. denied, 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994); see also Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)(finding that "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a

constitutional violation"); Posey v. Dewalt, 86 F. Supp.2d 565, 571 (E.D.Va. 1999), appeal dismissed by, 215 F.3d 1320 (4th Cir. 2000), cert. denied, 531 U.S. 971, 121 S.Ct. 411, 148 L.Ed. 318 (2000)(stating that "[p]ut simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP"). Furthermore, neither Section 3621(b) nor the BOP's Program Statement (P.S. 5100.08) contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in a particular security classification. Title 18, U.S.C. § 3621(b) clearly vests the BOP with broad discretionary authority as to prisoners' placement and classification while incarcerated. 18 U.S.C. § 3621. The language of this statute which provides that the "Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . that the Bureau determines to be appropriate and suitable," is clearly permissive; the statute does not *mandate* that the BOP place a prisoner in a certain facility.[7] Additionally, P.S. 5100.08 allows the BOP to use its "professional judgment" in deciding an inmate's classification. Specifically, P.S. 5100.08[8] states as follows:

---

[7] Title 18 U.S.C. § 3621 provides that the BOP may consider the following in determining placement of prisoners:
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court state imposed the sentence - -
        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
        (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 994(a)(2) of Title 28.

[8] P.S. 5100.08 sets forth the BOP's policies and procedures for the inmate classification system. P.S. 5100.08 provides that "classification of inmates is necessary to place each inmate in the most appropriate security level institution that also meets their program needs and is consistent with the Bureau's mission to protect society."

8

> It should be clearly understood that the Custody Classification Form only recommends an inmate's custody. The Unit Team and/or Warden is the final review authority. The intent of the Custody Classification system is to permit staff to use professional judgment within specific guidelines.

P.S. 5100.08, Chapter 6, p. 1. Thus, the "classification and transfer of inmates among authorized institutions is peculiarly an administrative function fully within the discretion given to prison officials." O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991); also see Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)(stating that "[p]rison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security").[9]

Furthermore, the BOP's determination concerning Plaintiff's security level does not constitute an "atypical and significant hardship" on Plaintiff in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. at 482, 115 S.Ct. at 2299; Franklin v. District of Columbia, 163 F.3d 625, 634-35 (D.C. Cir. 1998)(Issues of housing and transfers are issues which occur within the "day-to-day management of prisons."). Because nothing in the record indicates that Plaintiff's conditions of confinement at FCI Beckley were atypical or resulted in a significant hardship, the undersigned finds that Plaintiff has failed to demonstrate a due process violation. Therefore, Plaintiff does not possess a constitutionally protected interest in his inmate classification.

### 2. **No Violation of Ex Post Facto Clause:**

A law violates the *Ex Post Facto* Clause if it is retrospective and disadvantages the offender affected by it. See Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 117 (1981).

---

[9] Plaintiff alleges that Defendants erred in determining the number of points attributed under his Criminal History Score, which resulted in his higher security classification. P.S. 5100.08, however, provides that the BOP is allowed to use its "professional judgment" in deciding custody classification and "[c]ustody changes are not dictated solely by the point total." P.S. 5100.08, Chapter 6, p. 2. Thus, Plaintiff is merely speculating that his security level would be reduced to "low" if points were removed from his Criminal History Score.

9

Concerning the first element, a law is retrospective if it "changes the legal consequences of the acts completed before its effective date." Weaver, 450 U.S. at 31, 101 S.Ct. at 965. Regarding the second element of an *ex post facto* claim, an offender is disadvantaged by "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver, 450 U.S. at 28, 101 S.Ct. 964 (citations omitted). Thus, even if a law is retrospective, the law does not violate the *Ex Post Facto* Clause unless it adds to the quantum of punishment. See Weaver, 450 U.S. at 30-31, 101 S.Ct. at 965. In the instant case, Plaintiff alleges that Defendants violated the *Ex Post Facto* Clause by applying P.S. 5100.08, instead of P.S.5880.30, which Plaintiff alleges to have "more lenient" standards. Even assuming the BOP's Program Statements to be laws subject to *ex post facto* review,[10] Plaintiff does not allege that he was subjected to an increased punishment as a result of Defendants' application of P.S. 5100.08. Plaintiff merely alleges that he may have qualified for a lower security classification if Defendants would have applied P.S. 5880.30 instead of P.S. 5100.08. Accordingly, Plaintiff's *ex post facto* claim is without merit and should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1., **DISMISS** Plaintiff's Complaint (Document No. 2.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby

---

[10] The undersigned notes that the United States Supreme Court has described BOP's Program Statements as "internal agency guidelines - rather than 'published regulations subject to the rigors of the Administrative Procedure Act, including public notice and comment.'" *Reno v. Koray*, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995).

**FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: April 14, 2009.

R. Clarke VanDervort
United States Magistrate Judge