# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

ROBERT OWEN HINTON,

           Plaintiff,

v.                                   CIVIL ACTION NO.  5:08-cv-01012

FEDERAL BUREAU OF PRISONS, et al.,

           Defendants.

### MEMORANDUM OPINION AND ORDER

Before the Court is pro se Plaintiff Robert Owen Hinton Jr.'s Application to Proceed in Forma Pauperis [Docket 1] and Complaint for the Violation of Civil Rights under 42 U.S.C. § 1983 [Docket 2].  By Standing Order entered August 1, 2006, and filed in this case on August 20, 2008, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge VanDervort submitted a PF&R on April 14, 2009 [Docket 7].  In the PF&R, the magistrate judge recommended that the Court deny Plaintiff's application to proceed in forma pauperis and dismiss Plaintiff's complaint.

Plaintiff filed a Motion Seeking Enlargement of Time in which to File Objections to the U.S. Magistrate Judge's PF&R, (Docket 9), which was granted, (Docket 10), giving Plaintiff until June 15, 2009, to file objections.  Plaintiff timely filed objections to the PF&R on June 11, 2009.  This matter is now ripe for the Court's consideration.

### I.  BACKGROUND

Plaintiff is incarcerated at the Federal Correctional Institution, Beckley, (FCI Beckley) in Beaver, West Virginia. The complaint named as defendants the Federal Bureau of Prisons (Bureau), Todd R. Craig, Warden of FCI Beckley, and W.C. Ray, Case Manager. The full factual and procedural history of this case is set forth in the PF&R. In short, Plaintiff alleges that Defendants violated his constitutional rights by classifying him for a "medium" security level facility. First, Plaintiff alleges that he has a liberty interest in confinement at a "low" security level facility. The magistrate judge found that Plaintiff does not have a liberty interest in a specific inmate classification. Second, Plaintiff alleges that Defendants violated the Ex Post Facto Clause, U.S. Const. art 1, § 9, cl. 3, by applying Bureau Program Statement 5100.08, instead of an older Program Statement, 5880.30. The magistrate judge found that the Ex Post Facto clause was not violated.

## II.  STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(b), the Court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing the portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting pro se, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

2

### III.  OBJECTIONS TO THE PF&R

Plaintiff makes six objections to the PF&R, and each is addressed below.

#### A.     First Objection

Plaintiff's first objection states: "An erroneous, misguided and inaccurate interpretation and application of BOP Program Statement 5100.08 by BOP employee W.C. Ray, Pine A/L, Casemanager creating constitutional violations must be corrected by the BOP." (Docket 11 at 19.) "[W]hen objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Opriano*, 687 F.2d at 47.  This objection does not address an error in the magistrate judge's PF&R, but only reiterates statements Plaintiff made in his complaint.  Thus, this is the type of vague and conclusory objection contemplated by *Opriano* that does not merit review by this Court.  Accordingly, Plaintiff's first objection is **OVERRULED**.

#### B.     Second Objection

Plaintiff's second objection states:

> The above-described arbitrary and unconstitutional misapplication of long expired and time-barred prior misdemeanor convictions were unconstitutionally applied by Casemanager Ray to evaluate and determine Plaintiff's ISDCC score has resulted in violations of Due Process and Ex Post Facto Clause protections guaranteed by the Fifth and Fourteenth Amendment rights of the U.S. Constitution.

(Docket 11 at 19.)  Similar to the first objection, this objection simply restates arguments Plaintiff made in his complaint and does not point to a specific error in the magistrate judge's PF&R. Accordingly, Plaintiff's second objection is **OVERRULED**.

#### C.     Third Objection

Plaintiff's third objection states: "The cumulative effect of Casemanager Ray's errors rendered his ISDCC score unfair and unreliable, therefore, Plaintiff's 'liberty interests' have been adversely affected and inappropriately resolved." (Docket 11 at 19.)  Once again, this does not point to an error in the PF&R, and does not require de novo review by this Court.  In addition, and as discussed in the PF&R, Plaintiff has no liberty interest in being placed in a facility with a specific security level.  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994).  Accordingly, Plaintiff's third objection is **OVERRULED**.

D.      *Fourth Objection*

Plaintiff's fourth objection states: "For the articulated reasons previously stated herein, Plaintiff's security level constitutes an 'atypical and significant hardship in relation to the ordinary incidents of prison [life.']" (Docket 11 at 19.)  Plaintiff reasons that his placement in a medium security facility has caused him hardship because he should have been placed in the Federal Medical Center in Lexington, Kentucky, for treatment of his diabetes and "psychological problems." (Docket 11 at 18.)  In addition, Plaintiff states that "he has suffered needless hardships such as minuscule visits with his terminally ill mother who resides in Kentucky, who is medically unable to travel extended distances, as well as family, relatives and friends who reside outside of West Virginia."  (Docket 11 at 17.)

Liberty interests for prisoners are "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 472 (1995).  While Plaintiff's security level causes him to be in a facility which may cause him some hardship,

4

the hardship that he faces is not due to a violation of Plaintiff's liberty interests.  In addition, Plaintiff does not fall under the *Sandin* protection because his hardship is not one that is significant or atypical compared to other inmates.  Furthermore, and as stated above, Plaintiff has no liberty interest in receiving a specific security level designation.  Accordingly, Plaintiff's fourth objection is **OVERRULED**.

     E.     *Fifth Objection*

Plaintiff's fifth objection states: "The <u>correct</u> calculation and scoring of Plaintiff's ISDCC rating pursuant to Program Statement 5100.08 <u>will</u> <u>definitively</u> reflect a security level score of ['<u>low</u>,'] thus, he must be transferred accordingly."  (Docket 11 at 20 (emphasis in original).)  The Court will not decide whether Defendants "correctly" determined that Plaintiff should be placed in a medium security facility.  This decision is fully within the Bureau's discretion.  *Moody*, 429 U.S. at 88 n.9.  Accordingly, Plaintiff's fifth objection is **OVERRULED**.

     F.     *Sixth Objection*

Plaintiff's sixth objection states:

> Plaintiff's Ex Post Facto Clause protections are being violated as Plaintiff's initial ISDCC score was determined using the 'old' BOP Program Statement 5880.30.  As it currently stands, Casemanager W.C. Ray has misguidedly adopted and implemented the very same information used by BOP staff in 1993 to revamp Plaintiff's present ISDCC by implementing the 'new' egregious, oppressive and uncompromising Program Statement 5100.08 which took effect on September 12, 2006. The 'new' Program Statement effectively and unquestionably violate Hinton's Ex Post Facto Clause protections because it **does** **increase** **the** **harshness** **of** **punishment**.

(Docket 11 at 20 (emphasis in original).)  Plaintiff's case is similar to *Faruq v. Herndon*, a case from the District Court of Maryland, where inmates challenged a new classification system "which plaintiffs claimed made it more difficult than did the preceding classification systems for plaintiffs

to progress to minimum security." 831 F. Supp. 1262, 1265 (D. Md. 1993), *aff'd, Briscoe v. Herndon*, 56 F.3d 60 (4th Cir. 1995). In *Faruq*, the court held that the new classification system did not violate the inmates' rights under the Ex Post Facto clause because the classification system did not affect the inmates' release dates. The Court finds *Faraq* to be persuasive, and agrees with the magistrate judge that Plaintiff's rights under the Ex Post Facto clause have not been violated. Accordingly, Plaintiff's sixth objection is **OVERRULED**.

*IV. CONCLUSION*

For the reasons set forth above, the Court **ADOPTS** the PF&R [Docket 7], **OVERRULES** Plaintiff's Objections to the PF&R [Docket 11], **DENIES** Plaintiff's Application to Proceed in Forma Pauperis [Docket 1], **DISMISSES** Plaintiff's Complaint [Docket 2], and **REMOVES** this matter from the Court's docket. A separate Judgement Order will enter this day.

     **IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

            ENTER:      October 14, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

6